# Mulhern et al. *v.* Philadelphia Homemade Bread Company, Appellant.

*Negligence—Teams—Drivers—Children—Case for jury.*

1. It is common knowledge that special caution on the part of drivers of vehicles is required for the protection of children who congregate in the vicinity of a schoolhouse.

2. In an action to recover damages for personal injuries sustained by a school child ten years of age, in consequence of being run over by a wagon, there was evidence that the child fell or was pushed into the gutter when the wagon was about thirty feet away, and that at the time the driver was not looking forward. It was a question for the jury to determine whether the driver, by the exercise of proper care, should have seen the child in time to stop his wagon, or turn it aside to avoid the accident.

Argued Jan. 12, 1917. Appeals, Nos. 162 and 163, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1910, No. 339, on verdicts for plaintiffs, in case of Anna Mulhern, by her father and next friend, William J. Mulhern, and the said William J. Mulhern, in his own right, v. The Philadelphia Homemade Bread Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, William J. Mulhern, for $200 and for Anna Mulhern for $2,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v. and in refusing a new trial.

*William H. Peace,* for appellant.—The case should have been withdrawn from the jury as the accident was unavoidable: Chilton v. Central Traction Co., 152 Pa. 425; Funk et al. v. Electric Traction Co., 175 Pa. 559; Fleishman v. Neversink Mountain R. R. Co., 174 Pa. 510; Martin v. Ware, 212 Pa. 83; Leitzel v. Harrisburg Traction Co., 212 Pa. 608; Meloy v. Philadelphia Rapid Transit Co., 217 Pa. 189; Kochesperger v. Philadelphia Rapid Transit Co., 217 Pa. 320.

*John Martin Doyle,* with him *Eugene Raymond,* for appellees.—The case was properly submitted to the jury: Tatarewicz v. United Traction Co., 220 Pa. 560; Jones v. United Traction Co. (No. 1), 201 Pa. 344; Kroesen v. New Castle Electric St. Ry. Co., 198 Pa. 26.

OPINION BY MR. JUSTICE POTTER, March 5, 1917:

These appeals are grounded upon the refusal of the court below to give binding instructions in favor of the defendant, or to enter judgment non obstante veredicto. It appears from the testimony that about noon on February 4, 1909, some school children just released from school, were walking and sliding upon the icy sidewalk on the south side of Tasker street near Eighteenth. Anna Mulhern, a child some ten years of age, fell or was pushed over the curb into the edge of the driveway of the street as a wagon driven by an employee of defendant was approaching, the right hand wheels running near the curb. The horse was turned somewhat aside, but the front wheel of the wagon ran over the little girl's leg and broke it. The question for determination was whether the driver, by the exercise of proper care, should have seen the child, after it fell and was lying partly in the street ahead of him, in time to stop his wagon, or turn it aside to avoid the accident.

A bystander testified that he saw the child lying partly in the gutter when the wagon was some thirty feet dis-

tant, and he said that the driver was not then looking ahead, but was at the moment looking backward into the body of his wagon. The jury may well have found that the proximity of a number of children upon the sidewalk at the side of the street upon which he was driving, and the well known tendency of children to make sudden and heedless dashes, should have put the driver upon his guard at that particular place, at least to the extent of keeping his horse well in hand. It is common knowledge that special caution is required for the protection of children who congregate in the vicinity of a schoolhouse. The plaintiff, Anna Mulhern, testified that after she had fallen down and was lying partly in the gutter, she saw the wagon coming along the street some thirty to fifty feet away from her. If this was the fact, the driver could have stopped his wagon or turned it aside, before reaching her, if he was moving at a proper rate of speed and had his horse under proper control.

On the other hand, the evidence upon the part of defendant tended to show that the child came so suddenly and unexpectedly from the sidewalk, into the line of travel in the street, that the accident was unavoidable. If this was the case, defendant should not have been held responsible.

Counsel for appellant has contended with great earnestness that the trial judge should have held as matter of law, that the evidence did not justify an inference of negligence upon the part of the driver. But we are unable to agree with his contention in this respect. As we read the evidence, the question was purely one of fact upon conflicting statements by the witnesses. If the jury accepted as credible the evidence offered by the plaintiff, they were justified in inferring negligence upon the part of the driver. Had they accepted as accurate the testimony on behalf of the defendant, they must have concluded that the driver was not at fault in any way, and the verdict would have been for the defendant. We may feel that the jury might very properly have reached

another conclusion, but the question of fact in dispute was for them to decide. To the charge of the court in submitting the case, no exception was taken.

The judgment is affirmed.