## McMonagle *v.* Simpers, Appellant.

*Negligence — Automobiles — Infant — Running down child on street—Duty of driver—Speed—Evidence.*

1. In an action against the owner of an automobile to recover damages for injuries to a little girl, nine years old, the case is for the jury, and a judgment on verdict for plaintiff will be sustained where the evidence for plaintiff, although in material essentials contradicted by that of defendant, tends to show that the child, about two o'clock p. m., was walking along the north side

of an east and west street approaching a north and south street, the latter twenty-six feet wide, from curb to curb, with a trolley track in the centre; when she reached the northeast corner of these streets, she looked north and south before starting over; she saw a northbound trolley car, at the next street to the south, and waited on the sidewalk until it passed; that she then started over the street, walking, and not running, on a flagstone crossing, and when within two feet of the west curb, and about to step upon it, was struck by defendant's car; she was found under one of its rear wheels; the chauffeur gave no signal of the approach of the car; from the west rail of the track to the west curb of the street there was a space of more than nine feet; and the chauffeur stated that he did not see the child until the automobile struck her.

2. That the child was found under the rear wheels of the car was some evidence that the car was not running at a moderate speed.

3. In such a case, even if the child did pass over the trolley track after the street car had passed the intersecting street, the chauffeur must have seen her, if, as was his duty, he had been looking, as he approached the crossing, to see whether pedestrians were upon it; for his car did not strike the child until she had walked over the entire space between the trolley track and the curb.

*Negligence—Verdict—Excessive verdict—Abuse of discretion—Appeal.*

4. The refusal of the court below to reduce or set aside verdicts as excessive, cannot be regarded as an abuse of discretion reviewable by an appellate court, unless the amounts awarded to plaintiffs are so grossly excessive as to shock the court's sense of justice, and the impropriety of allowing them to stand is most manifest.

5. Verdicts of $10,000 for a little girl, nine years old, for personal injuries and $3,500 for her father, will not be set aside as excessive and unjust, where it appears that the child, before she was injured, was in perfect health; that according to the testimony of medical experts the bony structures of her pelvic cavity were crushed in the accident; that the cavity was distorted and permanently deformed; that her injuries would result in the lack of development of her sexual organs; that the condition of her pelvis was incurable; and that she would have a permanent limp in her walk.

*Negligence—Evidence—Striking out evidence—Cautioning jury—Failure to request—Assignments of error.*

6. The appellate court will not review the action of the trial judge in not cautioning the jury against the effect of evidence

which was stricken out, where no request was made for such caution.

Argued January 16, 1920. Appeal, No. 88, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 2763, on verdict for plaintiffs in case of Marie McMonagle, by her next friend and father, Michael McMonagle, and Michael McMonagle, in his own right, v. Robert N. Simpers. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries to a little girl, nine years old. Before WESSEL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for Marie McMonagle for $10,000 and for Michael McMonagle for $3,500. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) refusal of judgment for defendant n. o. v.; (3) refusal of new trial; (4) refusal of new trial, asked on ground of excessiveness; (5, 6) rulings set forth in opinion of Supreme Court.

*Hampton L. Carson,* with him *Harry S. Ambler, Jr.,* and *John Kent Kane,* for appellant.—There was no case for the jury: Streitfeld v. Shoemaker, 185 Pa. 265; Tatarewicz v. United Traction Co., 220 Pa. 560; Lorah v. Rinehart, 243 Pa. 231; Lewis v. Wood, 247 Pa. 545; Miller v. Tiedemann, 249 Pa. 234; Kuehne v. Brown, 257 Pa. 37; Banks v. Shoemaker & Co., 260 Pa. 280; Stahl v. Sollenberger, 246 Pa. 525; Bloom v. Whelan, 56 Pa. Superior Ct. 277; Hagos v. Reading T. & L. Co., 66 Pa. Superior Ct. 424.

Both verdicts were grossly excessive: Peters v. Bessemer, etc., R. R., 225 Pa. 307; Kost v. Ashland Borough,

236 Pa. 164; Shultz v. Wall, 134 Pa. 262; Collins v. Leafey, 124 Pa. 203.

*Francis M. McAdams*, with him *William H. Wilson*, for appellee.—The case was for the jury: Smith v. Standard Steel Car Co., 262 Pa. 550; Streitfeld v. Shoemaker, 185 Pa. 265; Virgilio v. Walker, 254 Pa. 241; Kerbaugh v. U. S. Express Co., 58 Pa. Superior Ct. 550; Kuehne v. Brown, 257 Pa. 37; Kerk v. Peters, 261 Pa. 279; Dougherty v. Davis, 51 Pa. Superior Ct. 229.

The amount of damages was not excessive: Fedorawicz v. Citizens' E. I. Co., 246 Pa. 141; Kierkowsky v. Connell, 253 Pa. 566; O'Hanlon v. Pittsburgh Rys., 256 Pa. 394; Rogers v. P. & R. Ry., 263 Pa. 429; Scott v. American Express Co., 257 Pa. 25.

OPINION BY MR. CHIEF JUSTICE BROWN, April 12, 1920:

In crossing over North Twenty-third street, in the City of Philadelphia, Marie McMonagle, a child nine years of age, was struck by an automobile owned by the defendant and operated by his chauffeur, and, in this action, brought for the girl by her father and next friend, who sues also in his own right, to recover damages for the injuries sustained, a verdict was returned in favor of each. The main complaint of the defendant on this appeal from the judgments against him is of the refusal of the trial judge to direct a verdict in his favor, and of the court's subsequent denial of his motion for judgment non obstante veredicto, his contention being that the negligent operation of his car had not been established. This question was submitted to the jury in a general charge, to which no exception was taken.

Defendant's version of the accident, supported by testimony, was that the child had suddenly darted from behind a moving trolley car in front of the automobile, which was being driven at a moderate rate of speed, and the jury were properly instructed that, if they found

from the testimony that this was true, there could be no recovery. But the case as presented by the plaintiff was totally different, as a brief recital of the substance of the testimony in support of it will clearly show. Brandywine street runs east and west and bisects Twenty-third street at a point between Spring Garden and Green streets. On October 30, 1918, at about two o'clock p. m., Marie McMonagle, the injured child, walked along the north side of Brandywine street, in the direction of Twenty-third street, and when she reached the northeast corner of these streets, looked north and south for passing vehicles before starting to cross over to the west side of Twenty-third street. She noticed a northbound trolley car at Spring Garden street, and waited on the sidewalk until it passed by. She then started over the street, walking, and not running, on a flagstone crossing, and when within two feet of the west curb, and about to step upon it, was struck by the defendant's car. She was found under one of its rear wheels, and this was some evidence that it was not running at a moderate rate of speed. It further appeared that the chauffeur gave no signal of the approach of his car. Twenty-third street is twenty-six feet wide from curb to curb, with a trolley track in the centre. From the west rail of the track to the west curb of the street there was a space of more than nine feet, and even if the child did pass over the trolley track immediately after the street car had passed Brandywine street, the chauffeur must have seen her, if, as was his duty, he had been looking, as he approached the street crossing, to see whether pedestrians were upon it, for his car did not strike the child until she had walked over the entire space between the trolley track and the curb. That he was not looking was a fact to be most fairly found from his own testimony, for he stated that he did not see the child until the automobile struck her. In view of all this, the case was clearly for the jury on the question of defendant's negligence, and the direction of a verdict in his favor would have been error:

Streitfeld v. Shoemaker, 185 Pa. 265; Cramer v. Aluminum Co., 239 Pa. 120; Smith v. Standard Steel Car Co., 262 Pa. 550; Schoepp v. Gerety, 263 Pa. 538. The first and second assignments are dismissed.

The other complaint of the appellant is of the excessiveness of the verdicts. This was for the court below in the first instance, and its refusal to reduce or set aside the verdicts cannot be regarded as an abuse of discretion here reviewable, unless the amounts awarded to the plaintiffs are so grossly excessive as to shock our sense of justice, and the impropriety of allowing them to stand is most manifest: Dunlap v. Pittsburgh, Harmony, Butler & New Castle Ry., 247 Pa. 230; O'Hanlon et al. v. Pittsburgh Rys., 256 Pa. 394; Scott v. American Express Company, 257 Pa. 25.

In view of the testimony as to the injuries sustained by the minor plaintiff, the verdicts are not so excessive and unjust as to have made it the clear duty of the court below to set them aside, and that its refusal to do so was such an abuse of discretion as must be corrected. Before she was injured Marie McMonagle was in perfect health. Pain and suffering followed her injuries, and the testimony of medical experts who examined her was that the bony structures of her pelvic cavity were crushed; that the cavity was distorted and permanently deformed; that her injuries would result in the lack of development of her sexual organs; that the condition of her pelvis is incurable, and she will have a permanent limp in her walk. From all the testimony offered by the plaintiff father as to the permanent injuries to his child, neither the verdict for him nor for her was so excessive as to imperatively call for its disturbance by the court below on that ground alone.

The fifth assignment is that the court erred in permitting a physician to testify that the plaintiff, Marie McMonagle, would not be able to become a mother. The witness did not so testify. On the contrary, he stated that the girl could become pregnant, but as to her

being able to become a mother he declined to express an
opinion. All of his testimony, however, as set forth in
the fifth assignment, was stricken out, and the next and
last assignment is to the failure of the court to caution
the jury against the effect of it. We discover nothing in
it, taken in connection with the other testimony in the
case, against which they ought to have been cautioned;
but, be this as it may, no request was made to the trial
judge for a word of caution to them.

All of the assignments of error are overruled and the
judgment is affirmed.