## Willenpart v. Otis Elevator Co., Appellant.

*Appeals—New trial — Excessiveness of verdict — Discretion of court—Act of May 20, 1891, P. L. 101.*

The excessiveness of a verdict as a ground for a new trial, is always for the court below in the first instance, and the appellate court will only reverse the exercise of the discretion of that court in exceptional and very clear cases, under the Act of May 20, 1891, P. L. 101.

.Argued October 15, 1920.   Appeal, No. 151, Oct. T., 1920, by defendant, from order of C. P. Allegheny Co., July T., 1917, No. 1515, refusing new trial· in case of F. J. Willenpart v. Otis Elevator Co.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.   Affirmed.

Trespass for serious personal injuries sustained by expert electrician.   Before BROWN, J.

Verdict and judgment for plaintiff for $14,500.

Defendant moved for a new trial on the ground that the verdict was excessive.   The court refused the motion. Defendant appealed.

*Error assigned* was above order, quoting record.

*William S. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee.

PER CURIAM, December 31, 1920:

The appellant's sole assignment of error is that the court below erred in not setting aside the verdict on the ground of excessiveness.   In the light of all the testimony that court was of opinion that the damages

awarded to the plaintiff might have been more. The power of this court, conferred by the Act of 1891, to supervise the amount of a verdict, is, as we have repeatedly held, exceptional and to be exercised only in very clear cases. The question of the excessiveness of a verdict is always for the court below in the first instance, and, in the case before us, we have not been convinced of any abuse of judicial discretion in refusing to disturb the damages awarded to the plaintiff.

Judgment affirmed.