## Rankin et al. *v.* Ward Baking Co., Appellant.

*Negligence — Automobiles — Infant near school house — Crossings—Contributory negligence — Conflicting evidence — Case for jury—Evidence of negligence from accident—Res ipsa loquitur.*

1. It is the duty of a driver of an automobile to have his car under such control at street intersections as to be able to stop at the shortest possible notice.

2. For a motor vehicle to run down a pedestrian who is in full view and does not suddenly change his course, is evidence of negligence.

3. There may be negligence in failing to have a motor vehicle under proper control, without excessive speed.

4. The tendency of small children to run across streets, especially at or near school houses, must not be ignored by drivers of motor vehicles.

5. As a pedestrian may lawfully cross a street at any point, the fact that he crosses in the middle of the block, will not in itself charge him with contributory negligence.

6. In an action to recover for injuries to a child, six years old, run down by a motor truck near a school house, the case is for the jury where the evidence is conflicting, as to whether or not the child was at a street intersection, and as to whether or not she darted out from behind a trolley car.

*Negligence—Injuries to minor child—Damages—New trial— Discretion of court—Abuse—Appeal.*

7. In an action to recover damages for injuries to a minor child six years old, a verdict for $2,500 for the father, is not excessive,

where it appears that his expenses, by reason of the accident, amounted to over $900.

8. Nor is a verdict for $10,000 for the child necessarily excessive, where it appears that her leg was crushed, that she was confined to the hospital for five months, and that there would be an arrested growth of her leg with permanent deformity and disability.

9. The lower court's refusal of a new trial in such case is not an abuse of discretion so as to call for reversal on appeal.

Argued October 10, 1921. Appeals, Nos. 23 and 24, Oct. T., 1921, by defendant, from judgments of C. P. Allegheny Co., April T., 1920, No. 2615, on verdicts for plaintiffs, in case of Florence Rankin, a minor, by her next friend and father, Thomas W. Rankin, and Thomas W. Rankin, in his own right, v. Ward Baking Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for injuries to child. Before STONE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Florence Rankin for $10,-000, and for Thomas W. Rankin for $2,500. Defendant appealed.

*Errors assigned* were (1) refusal of new trial; (2) refusal of binding instructions for defendant and (3) refusal of judgment for defendant n. o. v., quoting record.

*W. Clyde Grubbs,* for appellant.—There was no case for the jury: Holden v. R. R., 169 Pa. 1; Kohler v. R. R., 135 Pa. 346; Maloy v. Rosenbaum Co., 260 Pa. 466.

The verdicts were excessive.

*H. Fred Mercer,* for appellees.—The case was for the jury: Mulhern v. Bread Co., 257 Pa. 22; Silberstein v. Showell Fryer & Co., 267 Pa. 298; Schoepp v. Gerety, 263 Pa. 538; McMonagle v. Simpers, 267 Pa. 117.

The verdict was not excessive: Willenpart v. Elevator Co., 269 Pa. 131.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

This action is for injuries to a minor child. On November 10, 1919, Florence Rankin, while crossing Franklin Avenue, Wilkinsburg, on her way to school, was struck and seriously injured by one of defendant's auto-trucks. Verdicts were rendered for father and daughter and, from judgments entered thereon, defendant brought these appeals.

Franklin Avenue extends east and west at the width of 50 feet, with a paved cartway, 30 feet wide, in the center of which is a double track street railway, the one to the south being eastbound. Between the track and the curb is an open space of eight feet on each side. The Johnson public school is on the south side of the avenue, and 357 feet to the west thereof a very narrow street called Elvia Way intersects the avenue from the north, as does another street between that and the school house. At about one o'clock on that day, as the minor plaintiff, then six years of age, accompanied by another small girl, was going north across the avenue she was knocked down and run over by defendant's truck, which was traveling westerly in the north street railway track. There was a sharp conflict in the evidence, that for plaintiff being to the effect that the accident was at the intersection of Elvia Way, which the truck approached without warning, and ran down the child who had been in full view of defendant's chauffeur while he drove the truck for more than two hundred feet; also that he did not have the truck under proper control or give the attention the situation demanded. It is the duty of the driver to have his car under such control at street intersections as to be able to stop at the shortest possible notice: Anderson v. Wood, 264 Pa. 98. For a motor vehicle to run down a pedestrian, who is in full view and does not suddenly

change his course, is evidence of negligence: King v. Brillhart, 271 Pa. 301; Petrie v. Myers, 269 Pa. 134; Reese v. France, 62 Pa. Superior Ct. 128. There may be negligence in failing to have the motor vehicle under proper control, without excessive speed: Anderson v. Wood, supra; Schoepp v. Gerety, 263 Pa. 538.

The evidence for defendant located the scene of the accident 125 feet east of Elvia Way, denied the lack of warning or any neglect on part of the chauffeur and attributed the accident to the sudden darting of the children from behind a moving eastbound trolley car. The chauffeur says he saw little children on the walks but did not look on the south side of the avenue after passing the school; also that he applied the brakes when he first saw the two girls and stopped the truck in twenty-five or thirty feet, while plaintiffs' evidence is that it ran much further and that there was no trolley car to obstruct his vision.

The trial judge told the jury plaintiffs could not recover if the little girls darted out in the path of the truck when too late for the chauffeur to avoid the accident, but declined to give binding instructions for defendant. To have done so would have been manifest error, as plaintiffs were entitled to go to the jury on their evidence, although strongly contradicted: Williams v. Phila. R. T. Co., 257 Pa. 354. The decided preponderance of the evidence is that the accident happened east of Elvia Way and, if the case turned wholly on that question there would be much force in defendant's contention that the refusal to grant a new trial was an abuse of discretion; but a pedestrian may lawfully cross a street at any point (Anderson v. Wood, supra; Lamont v. Adams Express Co., 264 Pa. 17), so the fact that the accident occurred in the middle of the block would not be decisive. The tender age of the minor plaintiff excludes the defense of contributory negligence and the tendency of small children to run across streets, especially at or near schools, must not be ignored by the

drivers of motor vehicles: see Silberstein v. Showell, Fryer Co., 267 Pa. 298.  According to defendant's evidence, the girls left the south curb after the trolley car had passed and, if so, the minor plaintiff went about eighteen feet and her companion, who escaped injury, at least twenty-two feet before the accident.  Assuming the accuracy of that evidence, as it was a bright day with a dry track, it was still for the jury to find whether the chauffeur, in the exercise of due care, might not have avoided striking the child: see McMonagle v. Simpers, 267 Pa. 117.

The expense of the child's injuries to the time of trial amounted to over $900; therefore, the verdict of $2,500 for the father cannot be regarded as excessive.  The verdict of $10,000 for the minor plaintiff is not so large as to shock the judicial conscience, considering the nature and  extent of 'her injuries (McMonagle v. Simpers, supra; Willenpart v. Otis Elevator Co., 269 Pa. 131), for, in addition to other bruises and contusions, her right leg was crushed between the knee and the ankle, causing a compound fracture of the large bone; septic poison resulted, she was confined in the hospital nearly five months and the wounds had not entirely healed at the time of trial, eleven months after the injury.  The leg is. somewhat shortened, is surrounded by scar tissue and smaller than the other.  The evidence of the experts differs as to what the final outcome will be, that for plaintffs indicates an arrested growth of the leg with permanent deformity and disability.  The jury apparently so found, and the lower court's refusal of a new trial was not such an abuse of discretion as to call for our interference.

The assignments of error are overruled and the judgments are affirmed.