## Frank et al., Appellants, *v.* Cohen.

*Negligence—Automobiles—Accident between street crossings—Running down child — Evidence — Proximate cause — Nonsuit — Question for jury.*

1. Where an automobile accident happens between street crossings, the character of proof to impute negligence, is different from that necessary where the injury occurs at a public crossing.

2. While the degree of care required in operating an automobile between street crossings is not as great as at public crossings, the driver is not permitted carelessly to inflict injury between crossings on users of the highway.

3. Between crossings, drivers are not required to sound their horns, unless they see danger ahead, or have reason to believe a child or adult will appear in their path.

4. The presence of children in large numbers on the street in the immediate way of a driver should cause him to exercise the degree of care their presence requires. He must bring his car under such control that it can be stopped on the shortest possible notice.

5. An operator of an automobile should not have the driver's seat crowded with children, and especially his own children; if he does so, and his attention is diverted by them from the wheel, even for an instant, and as a result he runs down a child in the street, he is negligent and liable for the injury.

6. Where a driver takes his hand off the steering wheel and looks away from the road in front of him, and an accident immediately happens, the cause is referable to this act, and is evidence of negligence.

7. A nonsuit can be entered only in a clear case when all the facts and inferences lead to the one conclusion that defendant was not negligent.

8. If there be doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury.

*Negligence—Evidence—Child—Witness.*

9. In a suit to recover damages for injuries to a boy eight years old, the boy should be permitted, at plaintiff's request, to take the stand, although he may have stated that he knew nothing about the accident.

10. In such case, no advantage can be taken by the other side, and the jury will have the benefit of the boy's presence.

Argued November 30, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 244 and 245, Jan. T., 1926, by plaintiffs, from order of C. P. No. 3, Phila. Co., March T., 1925, No. 986, refusing to take off nonsuit, in case of Robert E. Frank, a minor, by his father and next friend, William R. Frank, and William R. Frank in his own right v. Abe Cohen. Reversed.

Trespass for personal injuries to boy eight years old. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiffs appealed.

*Errors assigned* were, inter alia, order, and ruling on evidence, as above, quoting record.

*James W. Laws,* with him *Augustus F. Daix, Jr.,* for appellants.—It was error to enter nonsuit: Baily v. Ramsey, 285 Pa. 521; Jones v. Bland, 116 Pa. 190; Jester v. R. R., 267 Pa. 10; Gray v. R. R., 172 Pa. 383; Pa. R. R. v. White, 88 Pa. 327; Cohen v. R. R., 211 Pa. 227; Dormer v. Paving Co., 16 Pa. Superior Ct. 407; Arnold

v. McKelvey, 253 Pa. 324; Hagos v. Transit & Light Co., 66 Pa. Superior Ct. 422; Tate v. Transit Co., 244 Pa. 74; Mulhern v. Bread Co., 257 Pa. 22; Rankin v. Baking Co., 272 Pa. 108; Silberstein v. Showell, Fryer & Co., 267 Pa. 298; McMonagle v. Simpers, 267 Pa. 117; Anderson v. Wood, 264 Pa. 98; King v. Brillhart, 271 Pa. 301; Kroesen v. Ry., 198 Pa. 26; Hoffman v. Traction Co., 230 Pa. 271; Reichle v. Transit Co., 241 Pa. 1; Reilley v. Traction Co., 176 Pa. 335; Evers v. Traction Co., 176 Pa. 376; Stickler v. Catanzaro, 86 Pa. Superior Ct. 63; Parker v. Ry., 207 Pa. 438; Gavin v. Bell Tel. Co., 87 Pa. Superior Ct. 276; Kennelly v. Waropoyak, 266 Pa. 94; Piepke v. Ry., 242 Pa. 328; Com. v. Capero, 35 Pa. Superior Ct. 392.

The court erred in refusing to permit Robert E. Frank, a minor, nine years of age at the time of the trial, one of the plaintiffs, to be sworn and testify in reply to the question: "What do you recollect about this accident?" the witness having answered the question in a private examination by saying that he does not recollect anything of what happened: Piepke v. Ry., 242 Pa. 321; Com. v. Capero, 35 Pa. Superior Ct. 392.

*C. Brewster Rhoads,* with him *Roberts & Montgomery,* for appellee.—The record discloses no evidence of negligence on part of defendant and judgment of nonsuit was properly entered: Virgillio v. Walker, 254 Pa. 241; Rosenthal v. Phonograph Co., 274 Pa. 236; McAvoy v. Kromer, 277 Pa. 196; Anderson v. Wood, 264 Pa. 99; Davis v. Osborn, 62 Pa. Superior Ct. 291; Foster v. Curtis, 63 Pa. Superior Ct. 473; Gavin v. Tel. Co., 87 Pa. Superior Ct. 276; Stickler v. Catanzaro, 86 Pa. Superior Ct. 63; Ferrell v. Solski, 278 Pa. 565; Morris v. Electric Co., 278 Pa. 361; King v. Brick & Mining Co., 284 Pa. 277.

The learned trial judge did not err in excluding the testimony of minor plaintiff, Robert Frank.

OPINION BY MR. JUSTICE KEPHART, January 3, 1927:

Plaintiff seeks to recover for injuries to his son, eight years old, occasioned by negligent driving. The court below denied the claim. Defendant was driving his touring car with the front seat crowded with his children. They would not behave and were pushing and jostling about in the machine. In an effort to correct the children, he took his hand off the steering wheel, and pushed one of them back. When he turned his attention to the highway immediately thereafter, appellant's boy was in the way. Momentarily excited, he turned the car toward the curb, the fender striking the boy and badly injuring him; the car ran up on the pavement. The point of accident, while close to, was between two intersecting streets and immediately in front of the Robert Morris school. The school had just been dismissed and there were many children on the streets and sidewalks. It was broad daylight and there were no objects ahead to obscure the vision of the driver.

Where an accident occurs between street crossings, the character of proof to impute negligence is different from that necessary where the injury occurs at a public crossing: McAvoy v. Kromer, 277 Pa. 196, 199. But while the degree of care required in operating a car is not as great as at a public crossing, the driver is not permitted carelessly to inflict injury on users of the highway between crossings. As to the appearance of children between crossings, and the duty to them, we said in McAvoy v. Kromer, supra, p. 199, "a vehicle need not be under instant control between crossings; and what would be negligence in reckless driving at a crossing may not be sufficient to establish negligence between crossings;......in such cases drivers are not required to sound their horns, unless they see danger ahead or have reason......to believe a child or adult will appear in their path." Particular attention must be directed to these last lines.

Defendant's negligence must be established either by

direct evidence or such circumstances as fairly lead to the conclusion that a specific act of negligence existed and it was the proximate cause of the injury: Morris v. Jefferson Electric Co., 278 Pa. 361, 364. A nonsuit can be entered only in a clear case when all the facts and inferences lead to the one conclusion, that defendant was not negligent: Jester v. Phila., B. & W. R. R. Co., 267 Pa. 10, 13. If there be doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury: Pa. R. R. Co. v. White, 88 Pa. 327, 333; Cohen v. Phila. & Reading R. R. Co., 211 Pa. 227, 229.

Were there any circumstances appearing in the course of the driving to cause the operator, in the exercise of reasonable or ordinary care, to expect persons in his way or to anticipate their acts if not in the way? He was approaching a place where school children could be seen on the streets. He may not have known a school was located at this particular place; but the presence of children in large numbers in his immediate way, should have caused him to exercise the degree of care their presence required. Children are capricious, they act heedlessly without giving the slightest warning of their intentions. They dart here and there with the exuberance of youth. No law or court edict will stop them; we shall not attempt to do so, but rather warn those who may meet them to be on the lookout.

We went far enough in McAvoy v. Kromer, supra, where we held that, if a driver has been vigilant under given circumstances, he is not bound to anticipate a child will suddenly dart from the side of the street in front of his car. In that case, no children in large numbers, leaving school, had congregated. There was nothing unusual to challenge attention or from which the driver might expect many acts of heedlessness within a designated place. But, where a condition as indicated by the facts in this case presents itself, it becomes his duty, in passing through or by these groups, to bring his car

under such control that it can be stopped on the shortest possible notice. It is when schools are being dismissed that the greatest danger is presented; it is as to that time and place we direct this opinion. Even then no responsibility may attach to the driver of a car, if, with the car under control, a child deliberately steps in front of it. It is a well known fact that a car cannot be stopped instantly, and traffic must move.

This rule with regard to children appearing in the vicinity of a school house while the driver of a horse drawn vehicle was approaching, is discussed in Mulhern v. Phila. Homemade Bread Co., 257 Pa. 22; and again, as to automobiles, in Rankin v. Ward Baking Co., 272 Pa. 108, 111; Silberstein v. Showell, Fryer & Co. (No. 1), 267 Pa. 298; and McMonagle v. Simpers, 267 Pa. 117. Under such circumstances, the driver cannot ordinarily defend on the rule of a "darting out" case, unless he exercises care according to the circumstances, as here defined.

The driver's seat was crowded with children. Standing alone, this circumstance would not be proof of negligence, but the practice is inexcusable and to be highly condemned. The operator should be free in body, arms, hands, and mind to control his car. This case illustrates what may happen when the use of any of them is restricted by circumstances not connected with operating a car, especially by the driver's own children, who are more likely to become unruly, as defendant's children did. In an effort to correct them he took his hand from the steering wheel to push one back. Necessarily, his eyes followed his hand. It required only the space of time his eyes were off the road to cause the mischief and place the boy's life in danger. It takes only the fraction of a second to get into trouble guiding an automobile. Where, in a place such as here described, a person driving on the public highway takes his hand off of the steering wheel and looks away from the road in front of him, and an accident immediately happens, the cause is refer-

able to this act, and is evidence of negligence, just as we have held a street car company negligent when the motorman operating the car looks away from the track and fails to observe objects on it. The court below was in error in applying the facts, as a strictly "darting out" case.

Plaintiff contends the court below should have permitted the minor plaintiff to testify, though he knew nothing about the accident. We would not reverse the case on this assignment, but as it goes back for retrial, we suggest the boy be permitted to take the stand to answer the questions proposed by counsel. No advantage can then be taken by the other side, and the jury will have the benefit of the boy's presence.

The judgment of the court below is reversed, and a procedendo awarded.