Quattrochi *v.* Pittsburgh Railways Co., Appellant.

Argued September 30, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*D. H. McConnell*, with him *J. R. McNary*, for appellant.—There is no evidence of negligence: Kochesperger v. Transit Co., 217 Pa. 320.

*Walter F. Campbell*, for appellee.—When there is no doubt as to the facts of a case, yet, when there is doubt as to the reasonable and natural inference to be drawn from such facts, the case is for the jury: Kane v. Phila., 196 Pa. 502.

It is the duty of a motorman to keep a constant watch of the track directly before him: Goldberg v. Transit Co., 299 Pa. 79.

When there are numbers of children running across a street, the operator of a vehicle must take notice that other children may follow immediately, especially near a schoolhouse: Rankin v. Baking Co., 272 Pa. 108; Frank v. Cohen, 288 Pa. 221.

There may be negligence in failure to have a motor vehicle under proper control without excessive speed: Rankin v. Baking Co., 272 Pa. 108.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 28, 1932:

This action of trespass was brought by plaintiff, a widow, to recover damages for the death of her minor son, a child between four and five years of age, who was run down and killed by a street car of defendant company on October 2, 1928. The jury's verdict was for plaintiff in the amount of $4,000, which sum was subsequently reduced to $3,600 by the trial judge upon remittitur of all in excess of the latter amount. Defendant has appealed from the refusal of its motion for judgment non obstante veredicto.

The accident occurred directly in front of a public school building on Ravine Street in the Borough of Munhall, Allegheny County. Ravine Street runs north and south, and at the place of accident has a double car line of defendant company. This double track extends only

a short distance, consisting in reality of a switch or siding to enable outbound cars from the City of Pittsburgh to pass those inbound at this point. The cartway of Ravine Street is twenty-seven feet wide, the distance from each of the two outside rails of the double track to the curb on either side being six feet two inches. At the time of the accident, which was about twenty minutes to one in the daytime, one of defendant's cars was stopped or parked on the inbound switch so that the rear of the car was slightly beyond the northern side of a paved alley which intersects Ravine Street from the east at a point almost directly opposite the entrance to the school building. There was nothing except the standing car on the inbound track to obstruct the view up and down the street. The Quattrochi boy, in the company of several lads slightly older, ran across the street diagonally southward from the alley way toward the school gate as an outbound car was approaching. All the boys cleared the track safely, except plaintiff's son, who was struck just as he reached the rail, receiving injuries resulting in his death.

Appellant argues that no negligence on the part of the operator of the street car was shown, inasmuch as the testimony indicated the car was not traveling at a speed greater than eight or nine miles per hour, that it stopped within a distance of six or eight feet after hitting the child, and that no question was raised as to the sounding of a bell or other warning. In other words, appellant implies that this was the case of a child darting out of an alley way from behind a stopped car, and running into the path of another car approaching with due care and caution. Viewing the testimony in the light most favorable to plaintiff, as we must upon a motion for judgment non obstante veredicto, we cannot agree with appellant's contention.

There were several factors which should have put the motorman of the approaching car on notice that a situation existed which demanded the utmost caution. In the

first place, there was at this point a common or permissive crossing, used habitually by adults as well as school children in crossing the car tracks. The vicinity was thronged with children returning to school after the noon recess, and a number had crossed the street at that point to enter the school building immediately before deceased and his companions came out of the alleyway. The motorman having died before the trial, it is not certain at what time he first became aware of the child's danger and the railways company offered no other evidence on its behalf. There was testimony that the child was struck thirty-five feet south of the rear of the street car standing on the inbound switch. In such case there could be no question of obscured vision on the part of the motorman of the approaching car, and the jury could naturally infer that the fatality resulted either because the car was traveling at an improper speed under the circumstances or that the motorman was inattentive to his duties and failed to observe the child until too late to bring his car to a standstill and avoid the accident. These matters clearly raised a question for the jury as to. defendant's negligence, which was submitted to them under instructions free from error.

The unfortunate child was too young for the question of contributory negligence on its part to enter the case. He was in charge of his grandmother, but left the yard where he was playing, during her momentary absence in the house. An older boy was immediately sent in search of the lad but failed to reach him in time to prevent the accident.

"It is common knowledge that special caution is required for the protection of children who congregate in the vicinity of a schoolhouse:" Mulhern v. Phila. Homemade Bread Co., 257 Pa. 22, 24. We have frequently mentioned the high degree of care imposed upon the drivers of vehicles owing to "the tendency of small children to run across streets, especially at or near schools": Rankin v. Ward Baking Co., 272 Pa. 108, 111. For that

reason there was a duty upon the motorman in the present case to exercise extreme caution. In Frank et al. v. Cohen, 288 Pa. 221, 225, this court said "the presence of children in large numbers in his immediate way, should have caused him [the driver of an automobile] to exercise the degree of care their presence required. ......
It becomes his duty, in passing through or by these groups to bring his car under such control that it can be stopped on the shortest possible notice."

Appellant correctly states that the sole question in this case is whether the motorman had an opportunity of seeing the boy in time to avoid the accident; our decisions are uniform in holding that where, as here, the evidence is conflicting as to whether or not the motorman could have seen the child in time to prevent the accident, the case is for the jury: Goldberg v. P. R. T. Co., 299 Pa. 79; Mulhern v. Phila. Homemade Bread Co., supra. "If there be doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury": Frank et al. v. Cohen, supra, page 225. See also Distasio v. United Traction Co., 35 Pa. Superior Ct. 406; Conner v. Pittsburgh Rys. Co., 216 Pa. 609.

The judgment of the court below is affirmed.