Reader et al. *v.* May-Stern Company, Appellant.

Argued April 12, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*D. H. McConnell,* for appellant.

*Clair D. Moss,* with him *Howard Q. Turner,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1939:

This suit is by the parents in their own right and on behalf of their minor daughter for injuries to the child, alleged to have resulted from the negligent operation of defendant's truck. Verdicts were rendered in favor of plaintiffs and judgments entered thereon.

Should judgment n. o. v. have been entered for the defendant is the only question before us.

In considering the sufficiency of the proof adduced by the plaintiffs, it is our duty to keep in mind that the question of negligence was for the jury, unless all the facts and inferences therefrom clearly led to the one conclusion that defendant's truck driver was not negligent: *Frank et al. v. Cohen*, 288 Pa. 221, 135 A. 624.

About 12:45 p. m. on March 25, 1936, a bright, clear day, the minor plaintiff left her home which was located in a rural portion of Reserve Township, Allegheny County. She immediately proceeded northwestwardly on Spring Garden Road, intending to return to school about a mile distant. She kept on the left or westerly side of the highway for a distance of approximately three hundred feet. At that point there was a group of ten or fifteen children playing on what is termed a sidewalk, but from the photograph offered in evidence it appears to be an unpaved portion of the highway used as a sidewalk. She tapped the shoulder of one of the children, who chased her to the east side of the highway. Desiring to rejoin the other girls, she started to walk back to the west side and when she had gotten a little more than half way over the cartway, she was hit by the left mudguard of defendant's truck, traveling north, loaded with three tons of rubbish, which she said she did not see or hear. The exact width of the cartway is not shown, but it was wide enough to accommodate two passing cars.

Andrew Ritter testified that he was standing about a hundred feet from the scene of the accident and his attention was attracted by "kids hollering." Looking

down the road he saw a truck coming and a child about three feet from the eastern curb walking "sort of slanting up the street" toward the west side. When she had gone about twelve or fifteen feet and was in the middle of the cartway, she bent over as though to fix "her shoe or something," went a couple of steps, and was hit by the left front fender of the truck and "flew up in the air." The child was picked up about three feet back of the rear wheel of the truck. This witness said that the roadway was "pretty greasy" and he could not state if the truck slid or if the child was dragged.

Thus we have quite a clear account by one who saw the accident of how it happened, so that the manner of its occurrence was not left to conjecture, as was the case in *McAvoy v. Kromer et al.*, 277 Pa. 196, 120 A. 762. It can be fairly inferred that if the truck driver had seen the girl when she first started to return to the west side of the highway and his truck was under proper control, this accident would not have occurred. The jury was justified, under the proof, in concluding that the driver of the truck was inattentive to his duties and failed to observe the child until too late to bring his truck to a standstill and avoid the accident. Clearly an issue of fact was raised for the jury's consideration: *Quattrochi v. Pittsburgh Railways Co.*, 309 Pa. 377, 380, 164 A. 59; *Lucas et al. v. Bushko,* 314 Pa. 310, 313, 171 A. 460. The absence of direct evidence of speed is not controlling as there may be negligence in failing to have a motor vehicle under proper control without excessive speed: *Rankin et al. v. Ward Baking Co.*, 272 Pa. 108, 111, 116 A. 58. Of course, if this child had suddenly darted out from the side of the road, then there would be no liability on the part of the defendant, for, while a driver of a motor vehicle is required at all times to be watchful, he is not bound to anticipate that a child will unexpectedly appear and run across his pathway. On the other hand, the running down of a child on an unobstructed highway in broad daylight

is evidence of negligence unless she suddenly darted out in front of his car: *Goldberg et al. v. P. R. T. Co.,* 299 Pa. 79, 83, 149 A. 104.

The appellant relies upon *Bradley et al. v. Rhodes,* 124 Pa. Superior Ct. 161, 188 A. 564, and *Purdy et al. v. Hazeltine,* 321 Pa. 459, 184 A. 660. In each of those cases, the plaintiff failed to show how the accident actually happened, while, here, as we have stated, there was an observer close by who gave the details of this unfortunate occurrence.

Whether or not the truck driver used the degree of care necessary to have avoided the accident was for the jury's determination. The issues of fact were clearly and fairly submitted to that body in a careful charge, to which there is no complaint.

Judgments entered in the court below are affirmed.