Robb, Admrx., *v.* Miller, Appellant.

Argued November 21, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Michael A. Foley,* for appellant.

*Charles A. Lord,* with him *Elwood S. Levy, D. J. Farage, Jr.,* and *Richter, Lord & Farage,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, February 13, 1953:

North Lawrence Street in Philadelphia is a one-way, southbound thoroughfare about 26 feet wide with row houses on the east side of the street, and a school building with school yard and a junk shop on the west side. Vehicles were parked on both sides of the street at the time of happening of the accident which is the subject of this lawsuit. On the afternoon of June 6, 1950, at about 2:45 o'clock, the defendant's car, while moving southwardly on this street at the rate of from 25 to 30 miles per hour, struck five-year old David Robb, who was crossing in the middle of the block directly in front of his home, inflicting mortal injuries. The parents recovered a verdict in the ensuing trial. From the judgment entered on that verdict the defendant has appealed.

Section 1002 of The Vehicle Code places a maximum speed of 15 miles per hour on all motor vehicles passing school buildings during school recess. On the day of the accident a bazaar or carnival for children was in progress in the school yard, thus reasserting the need for a reduced speed, even perhaps lower than the maximum permitted by The Vehicle Code. The defendant was familiar with the neighborhood and was charged with knowledge of the movement of children on this street.

This is not a "darting out" case in the usual interpretation of that term. The child emerged from between two cars but was in the middle of the street when the defendant saw him 15 feet away. If the motorist had been proceeding at the rate of speed dictated by law and circumstance, he could have stopped his car in time to avoid striking the child.

In *Quattrochi v. Pittsburgh Rys. Co.*, 309 Pa. 377, this Court properly observed: " 'It is common knowledge that special caution is required for the protection of children who congregate in the vicinity of a school house.' Mulhern v. Phila. Homemade Bread Co., 257 Pa. 22, 24. We have frequently mentioned the high degree of care imposed upon the drivers of vehicles owing to 'the tendency of small children to *run across* streets, especially at or near schools' . . . In Frank et al. v. Cohen, 288 Pa. 221, 225, this court said 'the presence of children in large numbers in his immediate way, should have caused him (the driver of an automobile) to exercise the degree of care their presence required. . . It becomes his duty, in passing through or by these groups to *bring his car under such control that it can be stopped on* the shortest possible notice.' "

While drivers are not required to anticipate that a child will run from a place of safety into the path of oncoming vehicles, as many of our cases hold, they (the drivers) are always charged with care under the particular circumstances.

In driving through any locality where children are known to be in movement, motorists should drive with the care and caution of one walking through an infant's nursery. Every fully developed adult knows that children, especially those of tender age, are enthusiastic, impulsive and given to sudden, unanticipated movements. It is also obvious that they do not have the scope of physical vision which goes with an older per-

son who, from his greatly increased height, has a vastly superior arc of view. A child of five cannot see much farther than a lamb and is equally helpless before the mechanical forces under the control of man. The failure on the part of a motorist to appraise these unvarying constants constitutes negligence when that failure results in a tragic accident, such as the one before us here.

The defendant knew that with both sides of the street lined with vehicles (automobiles, push carts and wagons) his capacity to move to either side to avoid any danger in the middle of the street was considerably curtailed, and this situation should have dictated for him the proverbial snail's pace until a wider lane of travel presented itself.

The facts in the case of *Stevenson v. Sarfert,* 310 Pa. 458, are strikingly similar to the ones in the case at bar. Certainly the principle of law involved is identical: "The jury was justified in finding that the defendant at the time of the accident was driving at a speed which amounted to negligence and that the negligence was the proximate cause of the injuries the minor plaintiff sustained. If he had been driving his car at the required speed of 15 miles an hour in this school zone, he could have stopped in time to avoid this injury, for it is a legitimate inference from all the testimony that he saw this child at least fifteen feet before the car came into physical contact with him, and could have stopped in time to avoid doing injury if his car had been 'under control' as this court has defined that phrase. See Galliano v. East Penn Electric Co., 303 Pa. 498, 503, 154 A. 805.

"The case was for the jury and it was correctly submitted. The judgment is affirmed."

Judgment affirmed.