Furby, Appellant, *v.* Novak.

*Herbert B. Lebovitz,* with him *Lebovitz & Lebovitz,* for appellants.

*Bruce R. Martin,* for appellee.

OPINION PER CURIAM, April 4, 1973:

The six Judges who heard and decided this appeal being equally divided, the judgment is affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the lower court erred in its charge to the jury on the question of minor-appellant's contributory negligence. While the charge on the rebuttable presumption against the contributory negligence of a minor aged seven years and three months was substantially in compliance with the standards set forth in *Kuhns v. Brugger,* 390 Pa. 331, 135 A. 2d 395 (1957), the failure of the lower court to charge on the rescue-emergency doctrine, as it relates to a plaintiff's contributory negligence, requires a reversal of the lower court's refusal to grant a new trial.

Briefly, the testimony in the lower court showed that appellant and a companion were walking home from school when, according to an eyewitness, a dog darted from an adjacent yard and chased the two boys. In an effort to escape, appellant ran into the street where he was struck by appellee's automobile, sustaining various injuries including the loss of one eye. Appellee stated that she saw neither the dog nor appellant. The eyewitness testified that when appellant ran into the street appellee's automobile was approximately fifty-five feet from the point of impact.

Appellant's theory of liability was that appellee was in such a position that, had she been exercising due care in the operation of her vehicle, she would have seen appellant and could have brought her car to stop thereby avoiding the accident. *Jones v. Spidle,* 213 Pa. Superior Ct. 81, 245 A. 2d 677 (1968). This theory was especially applicable since the accident occurred in a posted school zone. *Robb v. Miller,* 372 Pa. 505, 94 A. 2d 734 (1953). Appellee interposed the defense of contributory negligence of appellant in running into the street without first looking for oncoming traffic. In this posture the case went to the jury.

After some deliberation, the foreman gave a note to the trial judge indicating the desire of the jurors to return a compromise verdict because they "figured" both parties to be negligent. The trial judge properly refused the request and the jury later returned a verdict for appellee.

The note sent by the jurors indicates that they believed appellant to be contributorily negligent and appellee negligent in the operation of her vehicle. While such a finding of contributory negligence would in most cases be a bar to recovery despite the negligence of appellee, there are situations in which actions outwardly manifesting contributory negligence will not bar a plaintiff from recovery if the acts were undertaken in an effort to save himself from some apparent harm. The rule is stated as follows: "It is not contributory negligence for a plaintiff to expose himself to danger in an effort to save himself or a third person, or the land or chattels of the plaintiff or a third person, from harm, unless the effort itself is an unreasonable one, or the plaintiff acts unreasonably in the course of it." Restatement 2d, Torts, §472.[1]

Thus, under this rule, plaintiff's actions which outwardly manifested contributory negligence would not be a bar to his recovery if a jury, properly instructed, found that plaintiff acted in order to save himself from harm, and that such actions were reasonable under the circumstances. In determining whether such actions were reasonable, the jury should be additionally instructed that if plaintiff were confronted with a sudden emergency, requiring rapid decision, this is a factor in determining whether his conduct was reasonable. Restatement 2d, Torts, §470. Because of the tender age

---

[1] The previous Restatement rule was cited with approval by our Supreme Court in *Guca v. Pittsburgh Railways Co.*, 367 Pa. 579, 80 A. 2d 779 (1951).

and the concomitant strong presumption against his contributory negligence, the reasonableness of his actions should be evaluated by the jury in light of his age, maturity, and limited experience.

Although appellant did not specifically request such an instruction and only generally excepted to the contributory negligence charge, where the omitted instructions are vital to a proper understanding by the jury of the fundamental principles involved, basic and fundamental error exists and calls for the granting of a new trial. *Patterson v. Pittsburgh Railways Co.,* 322 Pa. 125, 185 A. 283 (1936). Since the question of appellant's contributory negligence was submitted to the jury without guidance in regard to the dangers faced by appellant immediately prior to the accident, and since the jury clearly found appellee's operation of her vehicle to be negligent, the case should be remanded to the lower court for a new trial with the jury properly instructed.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.