### PAUL v. CLARK.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

MUNICIPAL CORPORATIONS (§ 705*)—COLLISION WITH AUTOMOBILE.

    A four year old child, while walking with his brother and sister, broke away from the sister's hand and ran into the street and collided with the side of defendant's automobile. The chauffeur turned the course of the car so as to avoid the child and sounded the horn and applied the brake so as to diminish the speed, but did not have time to stop the car. *Held*, that a judgment for plaintiff in an action for injuries to the child was unauthorized.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Richmond County.

Action by Bernard Paul, an infant, by Joseph Paul, his guardian ad litem, against Walter L. Clark. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Theodore H. Lord, of New York City, for appellant.

Bertram G. Eadie, of New Brighton (Guy O. Walser, of New Brighton, and J. Charles Leuze, of New York City, on the brief), for respondent.

THOMAS, J.   The plaintiff, aged 4 years, walking with his brother and sister, severally 14 and 5 years of age, broke away from the sister's hand and ran into the street, pursued but not overtaken by the brother, until he collided at the crossing with the side of defendant's car, which was going south on an intersecting street. The act surprised both the plaintiff's custodians and the chauffeur, but the fault of it has been ascribed to the latter, although the jury was charged that he was proceeding at prudent speed with the car under control. Thus the duty of guarding the child was delegated by its parents to the brother and sister, and attached to the chauffeur who was using the street with suitable prudence. He turned the course of the car to the left, but did not stop until the car was on the opposite sidewalk. If it was a question of direction he chose with judgment, inasmuch as a detour to the right would have intercepted the child. The event shows that the collision could have been avoided only by stopping the car, inasmuch as the horn was sounded, the brake applied, and the speed diminished. But the chauffeur states that the sudden appearance of the child did not give him time to stop the car, and there is nothing to dispute this judgment. As the facts appear, the chauffeur was without initial fault, and the only duty that rested upon him was in good faith to make the best available use of his opportunities and skill to avoid injuring a child whom his youthful guardians had allowed to escape.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.