# CHARLESTON.

G. W. HARPER, *Admr. etc., v.* FRANKIE CRISLIP *et als.*

(No. 5599)

Submitted February 8, 1927. Decided April 26, 1927.

1. AUTOMOBILES—*Automobile Drivers Must Use Reasonable Care to Avoid Injuring Children Playing in Street.*

    A person operating a motor vehicle along the streets of a city is bound to recognize the fact that children will be found playing in the street, and that they may sometimes attempt to cross the street unmindful of its dangers, and the driver owes the children the duty of reasonable and ordinary care under the circumstances. (p. 516).

    (Motor Vehicles, 28 Cyc. p. 28.)

2. SAME—*Doctrine of Automobile Driver's Nonliability For Injuries to Child Darting in Front of Machine Implies Lack of Pre-existing Negligence.*

    The general doctrine that the driver of an automobile is not liable for injuries to a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury implies that the operator of the machine has been guilty of no pre-existing negligence which contributed

to the injury and made it impossible to avoid the accident
after seeing the child.    (p. 517).

(Motor Vehicles, 28 Cyc. p. 28.)

(NOTE:  Parenthetical references by Editors C. J.—Cyc. Not
    part of syllabi.)   ·

Error to Circuit Court, Roane County.

Trespass on the case by G. W. Harper, administrator,
against Frankie Crislip and others.  To review a judgment for
·defendants, plaintiff brings error.

*Reversed and remanded.*

*Ryan & Ryan,* and *Charles E. Hogg,* for plaintiff in error.
*Grover F. Hedges, Harper & Baker,* and *S. P. Bell,* for de-
fendants in error.

LITZ, JUDGE:

This is an. action, in trespass on the case, for the alleged
wrongful death of Hazel Scott, an infant five years of age.
She was struck and killed by an automobile belonging to the
defendant, Chester A. Crislip, while it was being operated in
the city of Spencer by the defendant Frankie Crislip.  Frankie
Crislip is a half-sister of Chester A. Crislip and a member of
his family.  To a judgment of *nil capiat* entered upon the ver-
dict, in favor of defendants, plaintiff prosecutes this writ of
error.

The evidence is conflicting.  According to the witnesses for
the plaintiff, the little girl, accompanying her father on an
errand, started from their home across the street ahead of him
and was struck within about two feet of, and before reaching,
the curb on the opposite side, while the automobile was travel-
ing from twenty to thirty-five miles an hour.  The father's
testimony that the automobile was practically upon the child
at the time he first saw it, and that he could do nothing to
prevent the injury, is not contradicted.

The defendant Frankie Crislip claims that although she
was looking ahead and saw some school children on the side-
walk, she did not see this child until a moment before the acci-
dent.  She and two of her three guests in the car also main-
tain that the child suddenly stepped from the sidewalk (oppo-

site from where the father and child started) directly in the path of the automobile. They further agree that the car was traveling only ten to twelve miles per hour. In the direction the automobile traveled before reaching the point of the accident, the street is practically straight, with gradual rise in grade, for at least two hundred feet.

The errors assigned relate to the admission and rejection of evidence, the refusal of plaintiff's instructions Nos. 8 and 11; and the giving of instructions Nos. 2, 3 and 5 for defendants.

Without considering the questionable features of plaintiff's instructions Nos. 8 and 11, we are of opinion that these instructions were properly refused on the ground that they are covered by others given on behalf of the plaintiff.

Defendants' instruction No. 2 is as follows:

> "The court instructs the jury that the driver of an automobile is not required to keep a lookout for children or other persons on the sidewalk along a street or highway, nor to anticipate that a child or other person so on such sidewalk will leave the same and go upon such street or highway immediately in front of such automobile. And you are further instructed that the failure on the part of the driver of the automobile involved in the accident in this case, to see plaintiff's decedent, Hazel Scott, on the sidewalk before the accident does not constitute negligence on the part of the driver of such automobile."

This instruction is, at least, misleading and should have been refused. It, in effect, tells the jury that the driver is required to regulate the speed of his automobile only for the protection of those he sees in the street, and that if he is traveling at such rate of speed at the time a child appears in the street as to be unable to avoid injuring it he is not liable. "The precautions required to be exercised by a motorist may be varied by the capacity of the person in danger to care for himself. * * * What would be proper care when dealing with an adult might amount to negligence with reference to a child in like circumstances. * * * A person operating a motor vehicle along the streets of a city is bound to recognize the fact that children will be found playing in the street, and

that they may sometimes attempt to cross the street unmindful of its dangers, and the driver owes the children the duty of reasonable and ordinary care under the circumstances.'' Berry on Automobiles, 5th ed., Sec. 483; *Morrison* v. *Flowers*, 308 Ill. 189, 138 N. E. 10.

The general doctrine that the driver of an automobile is not liable for injuries to a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury implies that the operator of the machine has been guilty of no pre-existing negligence which contributed to the injury and made it impossible to avoid the accident after seeing the child. The mere fact that a child runs in front of a motor vehicle so suddenly that the driver has no notice of danger does not necessarily relieve him from liability. There still remains the question whether the negligent driving of the automobile made it impossible for the driver to avoid the accident after seeing the child. Huddy on Automobiles, 7th ed., Secs. 498 and 502.

Defendants' binding instruction No. 3 reads:

> ''The Court instructs the jury that if you believe from the evidence in this case that plaintiff's decedent Hazel Scott came to her death by going from the sidewalk of Main Street in the City of Spencer, immediately in front of a moving automobile driven by one of the defendants, and was run over by said automobile and killed; that the place at which such child went in front of said automobile was not at a public crossing of said street; that the driver of said automobile could not have stopped the same after said child went in said street in time to avoid the accident, and that the driver of said car was without fault, then so far as the defendants are concerned, the killing of said child was an unavoidable accident, and you must find for the defendant.''

This instruction improperly called the jury's attention to the fact that the place where the child crossed the street was not a public crossing. ''A child upon a public street is not a trespasser. His right there is just as sacred as that of his adult neighbor, or the owner of an automobile.'' Berry on Automobiles, 5th ed., p. 378. The instruction was calculated

also to mislead the jury by indicating that the defendants were not liable unless the driver was negligent after observing the child in the street.

Defendants' instruction No. 5 told the jury that if after a full consideration of all the evidence they were of opinion that the death of the child was the result of an unavoidable accident, they should find for the defendants. This instruction is criticized on the ground that the court alone should say whether or not the facts and circumstances warrant the conclusion that the tragedy was the result of an unavoidable accident. We do not concur in this view. The issue, being one of fact, was properly submitted to the jury.

Plaintiff objects to that portion of defendants' instruction No. 6 which tells the jury that if they believe from the evidence the father of the child was guilty of any negligence ''in permitting the said child to go upon the street in front of the automobile'' and that his negligence efficiently contributed to the injury received by her, the jury must find for the defendants. The instruction, as contended by the plaintiff, assumes the controverted fact that the father permitted the child to go upon the street in front of the automobile. An instruction must not assume facts which are for the jury to find.

We perceive no error in the rulings of the trial court on the admission and rejection of evidence.

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and plaintiff awarded a new trial.

*Reversed and remanded.*