## CHARLESTON.

C. MIKE VARGO *v.* WILLIAM COCHRANE

(No. 6447)

Submitted February 5, 1930.   Decided February 18, 1930.

*C. O. Dunn*, for plaintiff in error.

*J. H. McGinnis* and *W. H. McGinnis, Jr.*, for defendant in error.

LITZ, JUDGE:

Mike Vargo, as administrator of his infant son, John Vargo, obtained a verdict and judgment of $2,000.00 against William Cochrane (plaintiff in error) for the death of the decedent, resulting from alleged negligent operation of a motor truck by the defendant on a public road in the village of Oswald, Raleigh County, West Virginia.

The tragedy occurred immediately after noon March 30, 1928, about 250 feet from a public school building, near the road, where John Vargo (seven years of age) and one hundred or more other small children attended school. They had been dismissed for the noon recess and were traveling the road to their respective homes for lunch. The surface of the way was hard surfaced for a width of nine feet with a dirt berm of two or three feet on each side.

The assignments of error are: (1) That the evidence does not establish negligence on the part of the defendant; (2) that

the plaintiff was guilty of contributory negligence; (3) that plaintiff's instructions 1, 2, 3, 4 and 5 were improper; and (4) that defendant's instructions 1 and 13 should have been granted.

As none of the children testified, the direct evidence of the situation at and immediately before the injury is confined largely to the testimony of the defendant and Ralph Proffett, who was also riding in the truck. The defendant testified he sounded a signal of warning on observing John Vargo (accompanied by another small boy) traveling the center of the road in the course of the truck two or three hundred yards ahead; when he approached within one or two hundred feet of the two boys John Vargo stopped, and, facing in the direction of the truck, waived his hands at the occupants of the truck or other children in the road; then, turning to the left and proceeding a short distance, he again stopped; and, after ''looking across the road at the crowd of children coming'', started diagonally to the right about six feet in front of the truck and on reaching a point within two or three feet of the right edge of the hard surface was struck by the left front fender. The injury caused almost immediate death. Ralph Proffett testified that the two boys, after leaving the center of the road stopped and remained standing until the truck was within 12 or 15 feet of them, when John Vargo started across the road and was struck in the act of retracing his steps about the center of the hard surface. The defendant estimated the maximum speed of the truck at 17 miles an hour when John Vargo and his companion were first observed and 15 miles an hour at the time of the injury. Proffett fixed the maximum speed at 18 miles when the boys were first observed and 15 miles at the time of the injury. Two witnesses were introduced by the plaintiff as to the speed of the truck, one stating that it was being driven ''pretty'' rapidly or the rate of speed usually maintained by motorists at that point along the road; another that the truck was ''running pretty fast.'' A third witness introduced by the plaintiff, who examined the ground a few minutes after the accident, testified that the truck skidded 66 feet, and ran 120 feet from the point where the skidding started before stopping. Many children, in a play-

ful mood, were using the road as the truck forged on. The admitted rate of speed was, therefore, dangerous to the lives of these helpless children. There is no evidence of any signal after the one which the defendant claims was sounded two or three hundred yards from the children.

Plaintiff's instruction 1 informed the jury that the operator of an automobile must increase his diligence in order to avoid injury to children whom he may see or by the exercise of reasonable care should see on the highway. The defendant objects to this instruction on the ground that it is abstract. Plaintiff's instruction 2 told the jury to find for the plaintiff if they believed the truck was driven at the time of the accident in excess of 35 miles an hour and that such excessive rate of speed was the proximate cause of the injury. This instruction is objected to on the ground that there is no evidence tending to prove the defendant was driving at a rate of speed in excess of 35 miles an hour. By plaintiff's instruction 3, the jury were directed to find for the plaintiff if they believed the defendant was guilty of negligence which was the proximate cause of the injury. The basis of the objection to this instruction is that it ignores the defense of contributory negligence. Plaintiff's instruction 4, in substance, told the jury to find for the plaintiff if they believed from the evidence that the defendant saw or could, by the exercise of reasonable care, have seen John Vargo on the road in time to avoid the injury by the exercise of ordinary care and that the defendant was guilty of negligence in failing to exercise such care which was the proximate cause of the injury. This instruction is objected to because it points to certain facts without detailing the whole evidence. Plaintiff's instruction 5 is objected to because it authorizes the jury, in fixing the damages, to take into consideration the mental anguish, distress and suffering endured by the plaintiff, father of the decedent.

Defendant's instruction 1, refused, was peremptory. Defendant's instruction 13, refused, would have told the jury that John Vargo was required to exercise the same degree of care for his safety as an ordinarily prudent person.

The evidence, in our opinion, establishes negligence on the part of the defendant as a matter of law. Assuming, for the

moment, that the child was capable of contributory negligence, plaintiff's instruction 3, which permits the jury to find for him upon the hypothesis that the negligence of the defendant was the *proximate* cause of the injury, does not ignore the defense of contributory negligence. The objection to plaintiff's instruction 5 is answered in *Morris, Adm'x* v. *B. & O. R. R. Co.,* 107 W. Va. 97. In view of the conclusive negligence of the defendant, it is unnecessary to discuss other instructions.

"One who is running his automobile at a speed in excess of the statutory limit, or at an unreasonable or dangerous speed, cannot escape liability for striking a child because it runs in front of his machine so suddenly that the accident is unavoidable." Blashfield, Cyc. Automobile Law, page 641. "In approaching the vicinity of a public school, the exercise of ordinary care requires increased vigilance and caution to avoid injuries to school children who congregate there or may be in the street, either in play or while going to or from the school; and the tendency of small children to run across streets, especially at or near schools must not be ignored." Idem, page 644. "In the vicinity of a schoolhouse the driver of an automobile must be especially cautious. He must be vigilant in keeping a lookout and alert to sound warnings of his approach, and must keep his speed within the limit of what is reasonable in view of the particular dangers existing in such a locality." 42 C. J., page 1053. "Especially is it their duty to be alert and watchful near school houses and where there are groups of children who may not exercise the care to take the precautions that would be observed by people of more mature years. All know that children impelled by the instincts of immaturity are often heedless of danger, and hence motorists are bound to exercise a degree of care and caution commensurate with this known characteristic and the circumstances of the situation. It is said that the operator of a 'car in the street where there are children may well be required to manage his car with reference to all the risks that may reasonably be expected, and among these may be reckoned the risks arising from the heedlessness and indiscretion of children in the street.' *Collins* v. *South Boston Railroad,*

142 Mass. 301, 312, 7 N. E. 856-858, 56 Am. Rep. 675." *Ratcliffe* v. *Speith*, (Kan.) 149 Pac. 741. "The tendency of small children to run across streets, especially at or near schools, must not be ignored by drivers of motor vehicles." *Rankin* v. *Ward Baking Co.*, (Pa.) 116 Atl. 58. "The general doctrine that the driver of an automobile is not liable for injuries to a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury implies that the operator of the machine has been guilty of no pre-existing negligence which contributed to the injury and made it impossible to avoid the accident after seeing the child." *Harper, Admr.* v. *Crislip et als.*, 103 W. Va. 514.

The judgment is affirmed.

*Affirmed.*