C. L. ALIFF, *Admr., Etc. v.* C. H. BERRYMAN

(No. 6948)

Submitted September 15, 1931. Decided September 22, 1931.

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*Jerome Katz* and *Russell S. Ritz,* for defendant in error.

MAXWELL, JUDGE:

This writ of error brings up for review a judgment of the circuit court of Mercer County for $3,766.00 based on a verdict in favor of the plaintiff and against the defendant for the alleged wrongful death of plaintiff's decedent, Georgia Ann Aliff, a little girl not quite six years of age. The child was struck and killed in Highland Avenue of the city of Bluefield by a delivery truck of the defendant in control of his employee, James McClure. The truck was proceeding in a westerly direction on a slight descent. A large moving van facing west was parked at the curb in front of the Aliff home on the north side of the street.

McClure says that he was driving at about the rate of 18 to 20 miles per hour; that the child suddenly stepped out from behind the opposite end of the van and immediately in the path of his truck; that he applied the brakes forthwith; that the child then seemed to hesitate in its course and was instantly struck by the front of the truck. No one else saw the

actual impact, except Rosalyn Witt and J. S. Sloan, and they were unable to say what was the direction of the child's movements just before it was struck. Their attention was attracted from where they were sitting on the front porch of the Witt home when they heard the noise from the application of the brakes, and the child was then closely in front of the truck. But there is testimony that the child was seen on the south side of the street just before the accident. Mrs. Witt had seen the child and talked with it on the sidewalk in front of her home on the south side of the street, diagonally opposite in an easterly direction from the Aliff home, some three or four minutes before the accident. The accident occurred a little to the west of the entrance of the Aliff home. C. W. Parker who was driving a light truck eastward on Highland Avenue testifies that he saw a little child (not definitely identified by him as the child that was killed) at about the point where the accident presently occurred upon or near the south curb; that after he had proceeded a little ways he met the oncoming truck of the defendant; that when he had proceeded about seventy-five feet eastward from the point where he saw the child he heard in his rear the noise of quick application of brakes on a moving motor vehicle; that he looked around and saw that the child had been struck and was lying in the street. Parker and Sloan estimated the speed of defendant's truck just prior to the accident at 25 to 30 miles per hour.

Should full credence be given to the explanation of the driver of the defendant's truck as to how the accident occurred, or should the circumstances as testified to by witnesses for the plaintiff, and as appear from the whole case, be deemed as preponderating on the theory that the accident did not happen as the truck driver explains? It was a jury question. If the jury believed from the evidence that the accident did not happen in the manner that the truck driver says it did, then they were further warranted by the evidence in believing that there was a sufficiently open view to enable him to avoid striking the child if he had been in the exercise of reasonable and ordinary care. It follows that the first point of error, involving the sufficiency of the evidence, is not well taken. "If there is conflict of testimony on a material point, or if reasonably

fair minded men may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependant upon the weight to be given to the testimony, in all such cases the verdict of the jury is final and conclusive and cannot be disturbed either by the trial court or by the appellate court.'' *Railroad Co.* v. *Wheeler*, 147 Va. 1; 132 S. E. 698.

The second point of error goes to plaintiff's instruction No. 1. By it the court told the jury that the operator of an automobile or truck on a public thoroughfare must increase his exertions in order to avert danger to children whom he may see or by the exercise of reasonable diligence should see near the highway; that their lack of capacity to apprehend and guard against dangers makes such care and caution necessary; that if the jury believed from the evidence that the deceased child was standing on or near the curb or the edge of the paved portion of the city street and while in such position the defendant's driver saw or in the exercise of reasonable care could have seen the child in that position for a sufficient distance to enable him to avoid striking the child if it should get in the way of his truck, he should have approached said point expecting that the said child might run across in front of the truck, and under such circumstances he should have operated his truck so as to keep it under such control as would permit him to keep from striking the child in the event that she did run across the street immediately in front of his truck, and that if they believed from the evidence that the driver failed to exercise such care and caution, and as a result thereof, the child was struck and killed by the defendant's truck, then plaintiff was entitled to a verdict.

In criticism of this instruction it is said, first, that it is abstract and argumentative; and, second, that it, in effect, told the jury that a motorist is the absolute insurer of the lives of children whom he may see in or near the street. The instruction is of some length and possibly is somewhat involved, but we are of opinion that its meaning is not obscure. The common impulses of humanity dictate that caution should be exercised to avoid injury to small children, and such caution requires that there be taken into consideration by adults the lack of capacity of small children to avoid injury to them-

selves. The essence of the instruction is that if defendant's driver saw or in the exercise of reasonable care should have seen the child at the edge of the street in time to take proper precaution to avoid striking it if it should dart out in front of his truck, and that he did not do so, and as a result thereof the child was killed, the defendant is liable in damages for the negligence of his driver. We think the instruction should have used the phrase ''should have seen'' rather than the phrase ''could have seen''. To refer to that which one could have seen comprehends extreme possibilities. Cases such as at bar do not involve inquiry as to what it might have been physically possible for the driver to see, but, rather, in the light of all the attending circumstances, what should he have seen in the exercise of reasonable care and caution. While such distinction in phraseology should be observed in instructions of this sort, we are of opinion that the defendant was not prejudiced in this instance. If the plaintiff's evidence is given credence, it follows that defendant's driver both could and should have seen the child.

True, a motorist is not required to anticipate the presence of unseen children in or near a street unless there are attendant facts or circumstances which indicate that children are apt to be present. Here, however, the jury was warranted in believing from the plaintiff's evidence that the child was in open view of the driver of defendant's truck as he approached the point of accident. If the child was in fact at the curb, or about the curb, and within view of the truckman, especially in the light of the fact that the child was of tender age, it was his duty to anticipate that it might heedlessly get out into the street and be injured by the truck. The principle here involved has been often stated. ''The vigilance and care required of the operator of an automobile vary in respect of persons of different ages or physical conditions. He must increase his exertions in order to avoid danger to children, whom he may see, or, by the exercise of reasonable care, should see, on or near the highway. More than ordinary care is required in such cases.'' *Deputy* v. *Kimmell*, 73 W. Va. 595. ''The younger the child and the less able he is to look out for himself, the greater the care which may reasonably be exacted of

those operating dangerous agencies in the streets to avoid injuring or killing him." 1 Blashfield Cyclopedia of Automobile Law, page 631. "Ordinary care requires that due consideration be given to the circumstance that children do not ordinarily exercise the same degree of prudence for their own safety as adults, which circumstance imposes on the operator, in order to reach the standard of ordinary care with respect to children, a duty to exercise more vigilance and caution than might be sufficient in the case of an adult." 42 Corpus Juris, page 1050. "A driver is not bound to anticipate that a child will suddenly dart from the side of the street, but, if at a designated place there is anything to challenge his attention and warn him that he should expect heedless acts, it is his duty to avoid, if possible, an accident." *Bouman* v. *Stouman,* (Pa.) 141 Atl. 41.

The court's refusal of defendant's instruction No. 7 is the third point of error assigned. This instruction would have told the jury that the fact that the child was too young to be guilty of contributory negligence does not mean that her act in running in front of defendant's truck could not be the sole proximate cause of her injury, and that if they believed from the evidence that she did suddenly run in front of defendant's truck and that her action in so doing was the sole proximate cause of her injury, they should find for the defendant. This instruction was properly refused in the light of the giving by the court of defendant's instruction No. 2, as follows: "The Court instructs the jury that if you believe from all the evidence in this case that the accident detailed in the evidence was caused by Georgia Ann Aliff running suddenly from behind a parked moving van into the path of defendant's truck, you shall find for the defendant, unless you further find that prior to and at the time of the accident defendant's driver was driving in a negligent and careless manner." No. 2 was clear and concise and did not involve, as did No. 7, the technical phrase "proximate cause". The substance and meaning of No. 7 was covered by No. 2.

The remaining point of error goes to the action of the trial court in sustaining plaintiff's objection to the following question propounded by defense counsel to the driver of the Berry-

man truck: ''After you saw this child running out into the street do you know of anything you could have done under the circumstances to have avoided the injury?'' It was stated on the record that the witness would have answered in the negative. The witness had already testified that instantly upon seeing the child he applied the brakes on the truck. Whether he could have done anything else involved a conclusion from the facts in evidence. This was for jury determination. But, even if it be granted that the witness did all that he possibly could do after seeing the child in order that the injury might be avoided, it by no means follows that his manner of operating the truck, and thereby creating a situation in which injury to the child could not be avoided after he actually saw the child, was not negligence. These were all jury matters to be determined upon the testimony as to the facts and circumstances, and not upon expression of opinion of witnesses.

In the light of the foregoing we are of opinion to affirm the judgment.

*Affirmed.*