OTT CLINE, *Administrator, v.* S. L. CHRISTIE

(No. 8231)

Submitted February 26, 1936.   Decided March 10, 1936.

*Sale, St. Clair & Sale,* for plaintiff in error.

*Hogg & Crawford* and *Harman & Howard,* for defendant in error.

WOODS, JUDGE:

This is an action to recover damages for wrongful death of Asa Morgan, who, while crossing state highway No. 52, at the western end of the village of Justice, Mc-Dowell County, was struck and fatally injured by an automobile, owned and operated by defendant, S. L. Christie. The latter prosecutes error to a judgment entered upon verdict in favor of the administrator of decedent's estate.

The breach of duty declared on is that the defendant operated his automobile along and upon said highway at a high and dangerous rate of speed, far in excess, and in violation, of the statutory mandate that the speed of motor vehicles be reduced to fifteen miles per hour when passing pedestrians on the highway. Code 1931, 17-8-12.

The accident occurred on the morning of November 13, 1933, between 8:30 and 9:00 o'clock, on a straightaway and directly opposite the mouth of an unimproved road or lane to the north. From this point east, the highway was straight for 659 feet. Immediately prior to the accident, Morgan had been standing to the south of the surfaced portion (20 feet) of the highway, talking to a man by the name of Browning, who had parked his car, facing west, two feet off the hard surface. Morgan had one foot on the left running board. Browning was sitting

in the car. A truck, some fifteen feet from the highway, was trying to get up the unimproved road. Rain had fallen a short time before, and the road was wet.

There is evidence to the effect that Christie passed certain pedestrians, three hundred feet to the east of the point of the accident at the rate of forty-five to fifty miles per hour, and continued at the same speed until the impact; that Morgan stepped onto the travelled portion of the highway when the automobile was approximately two hundred feet distant; that the automobile was being operated so that the center thereof was a little to the right of the center of the highway; that Morgan was struck at a point near the north edge of the surfaced portion of the highway; and that the automobile was not brought to a stop for a distance of seventy-two feet after the impact.

Defendant had no recollection of the presence of pedestrians east of the point of the accident. He testified that he did not see Morgan standing by Browning's car, although he had observed the parked car and the truck. He placed the speed of the automobile at from thirty to thirty-five miles per hour, and stated that he saw Morgan before he struck him, although no reference was made as to the time and place.

Browning and Trent, in the parked car, testified that Morgan turned his head toward the truck, the wheels of which were spinning, and made two jumps toward the north side of the highway in front of defendant's automobile. Browning placed Morgan within a step of the northern edge of the hard surface when struck, and stated that Christie's automobile was stopped within twenty to twenty-five feet.

The jury, as the exclusive judges of the credibility of the witnesses, have determined the extent to which the witnesses were entitled to belief. They found, in effect, by their verdict, that the defendant, without regard to the presence of pedestrians, was proceeding along the highway at a speed not less than thirty miles per hour, and that Morgan entered upon the travelled portion of

the highway for purpose of crossing when defendant was two hundred feet away. In so finding the decedent was absolved, upon the record, of any contributory negligence.

It is well established that the operator of a motor vehicle is bound to anticipate the presence of pedestrians on the highway and has no superior rights over them because of the character of the vehicle which he is operating. And it is incumbent upon him to maintain control of his automobile at all times, and to use reasonable care and caution under the circumstances and conditions of the particular time. *Harper* v. *Crislip,* 103 W. Va. 514, 138 S. E. 93; *Vargo* v. *Cochrane,* 108 W. Va. 607, 152 S. E. 8.

In view of the foregoing doctrine and the factual situation, as found by the jury, the defendant stands convicted of operating his automobile in a negligent manner, and, for that reason, may not complain of the refusal of his instruction No. 5, to the effect that he should not be held responsibile for not choosing the best possible course after discovery of an emergency. A driver may not violate the law of the road, and then invoke the doctrine of sudden emergency to relieve himself from liability to another who is injured as a result of his violation. Such rule is applicable to those who are themselves without fault, not those who are at the time committing a wrong. *Chaney* v. *Moore,* 101 W. Va. 621, 630, 134 S. E. 204, 47 A. L. R. 800.

The giving of plaintiff's instruction No. 2 is attacked as error. It told the jury, in effect, that in order for the last clear chance rule to avail plaintiff, it must appear that defendant actually observed and discovered decedent's peril in time to avoid the accident. This instruction was most favorable to the defendant, and its giving therefore, is not open to objection.

Perceiving no error in the trial of the case, the judgment is affirmed.

*Affirmed.*