ROY LEE MCCUNE, *Infant, v.* CRAWLEY TRANSPORTATION COMPANY

(No. 8727)

Submitted May 17, 1938.   Decided June 21, 1938.

302

*Steptoe & Johnson, Stanley C. Morris* and *Robert W. Lawson, Jr.*, for plaintiff in error.
*Salisbury, Hackney & Lopinsky*, for defendant in error.

FOX, JUDGE:

The Crawley Transportation Company prosecutes this writ of error to a judgment against it for $5500.00, rendered by the circuit court of Kanawha County upon the verdict of a jury, in favor of Roy Lee McCune, infant, after a motion to set aside said verdict had been made and overruled.

The claim of the plaintiff below rests upon the alleged negligence of the transportation company, the defendant below, in the operation of one of its trucks, whereby he was injured. The accident out of which the alleged injuries arose occurred in October, 1936, on State Highway No. 60, sometimes called Eighth Avenue, within the limits of the City of South Charleston, at the intersection of F Street with said highway, and approximately 500 feet east of the Armor Hotel. F Street was a cindered road leading into the highway from the north and ended at its intersection. The half-loaded truck of the defendant was being operated by I. M. Weikle, and was moving from west to east or from Huntington in the direction of Charleston. Its speed, at the time of the accident, is variously estimated at from eighteen to thirty miles per hour. The truck was operated on the right side of the highway and within about eighteen inches of its edge. The paved portion of the highway at the point of the accident was of a width of twenty-five or

thirty feet. From that point west the highway is straight for at least 1500 feet and there was nothing to obstruct the vision of the truck driver within at least 1000 feet of that distance. The plaintiff, a child six and one-half years old, was blind in his left eye. At the time of the accident, he was accompanied by his sister, then about nine years old, Velma Nash, a girl about seventeen years old, her brother, Harry Nash, who was younger but large in size, and Margaret Blackwood, aged about nine years. All of these children came from school out F Street, crossed the railway track paralleling the highway, and stopped within about two feet of the north edge thereof. There is no evidence that any one of this group was ever on the highway, except, of course, the fact that the injured child was struck either by the side or front of the truck and that the same was being operated on the highway. Plaintiff and his sister stood farthest east in the group of children, and she was holding his hand. There is some testimony that he was attempting to break away from her. The driver of the defendant's truck admits seeing this group of children coming out F Street when he was about 500 feet away from the point of accident, and says that they came to the edge of the hard road and stopped, when he was about 250 feet west of the point of accident. He says he does not recall seeing the plaintiff, and did not notice his attempt to break away from his sister. He states that some seven or eight hundred feet from the point of accident, he began reducing speed because of the appearance of a red traffic light ahead; other witnesses say they saw no reduction of speed. At the time of passing this group of children, the plaintiff was struck by the truck, but whether by the front or side is disputed. The truck driver and two other witnesses say, in effect, that he suddenly darted against the body or side of the truck; while two witnesses state that he was struck by the right front wheel or fender. The truck was stopped and the driver took the injured child to a point in South Charleston from whence he was taken in an ambulance to a hospital in Charleston.

The defendant below, plaintiff in error, attacks the verdict of the jury and the judgment of the court thereon on three grounds: (1) the giving of instruction No. 1, offered by the plaintiff; (2) that the physical facts shown by the evidence indicate, if not establish, the absence of negligence; and (3) that the verdict was excessive.

The challenged instruction No. 1 reads as follows:

"The court instructs the jury that the operator of an automobile or truck on the public thoroughfare must increase his exertion in order to avert danger to children whom he may see, or by the exercise of reasonable diligence should see near the public highway, that their lack of capacity to apprehend and guard against danger makes such care and caution necessary; and you are instructed that if you believe from a preponderance of all the evidence in this case that Roy Lee McCune, infant, was standing on or near the edge of the paved portion of the highway and while in such position the defendant's driver saw, or in the exercise of reasonable care should have seen him in that position for a sufficient distance away so as to enable him to avoid striking the child if the child should get in the way of defendant's truck; then you are told that the said driver was under the duty to have exercised care and caution in passing over the highway at the point where said infant was standing on the edge thereof, and should have approached said point expecting that said Roy Lee McCune might run across in front of the truck, and under such circumstances the defendant, by and through its said agent was under the duty to have operated said truck so as to keep the same under such control as would permit the defendant, by and through its said agent, from striking Roy Lee McCune, in the event that he would run across the highway immediately in front of defendant's truck; and if you believe from a preponderance of all the evidence that the defendant, acting by and through its said agent, failed to exercise such care and caution, and as a proximate result thereof, Roy Lee McCune was struck and in-

jured by said truck, and Roy Lee McCune was not guilty of any negligence proximately contributing to his own injury, then you are instructed to find a verdict for the plaintiff."

The specific grounds of objection to this instruction set up in the brief are: (1) that it, in effect, assumes negligence on the part of the driver of defendant's truck; (2) that it permitted the jury to consider the case as one where the injured child might have been standing on the paved portion of the highway when the defendant's driver first saw it, whereas it is contended the evidence shows that the child was never on the paved portion of the highway, unless it was at the immediate instant of his injury; and (3) that, taken as a whole, the instruction was improper under the circumstances shown by the evidence. Particular attention is called to that part of the instruction which states that "said driver was under the duty to have exercised care and caution * * * ", and "was under the duty to have operated said truck so as to keep the same under such control * * * ," it being contended that the use of these expressions was calculated to permit the inference that the duties defined had not been regarded; also, that the use of the words, "if you believe from a preponderance of all the evidence in this case that Roy Lee McCune, infant, was standing *on or near* (italics ours) the edge of the paved portion of the highway * * * ", and the language, "where said infant was standing on the edge thereof (referring to the paved portion of the highway) * * * ", told the jury that they might consider the case on the theory that the child was on the paved portion of the highway, when there was no evidence from which such a finding could be made; and that the language of the instruction which told the jury that under the circumstances of the case the driver of the truck "should have approached said (the point of the accident) expecting that the said Roy Lee McCune might run across in front of the truck * * *", was, under the evidence, improper, and that the case at bar is plainly distinguishable from the case relied upon

by the plaintiff, *Aliff* v. *Berryman,* 111 W. Va. 103, 160 S. E. 864, where similar language was used and the instruction upheld.

The rule as to the duty of the operator of a motor vehicle is well settled. It is "to exercise reasonable or ordinary care", which is defined as the "degree of care and caution which an ordinarily prudent person would exercise under similar circumstances." 42 C. J. 878. See also 5 American Jurisprudence, sections 182-187. What is reasonable and ordinary care varies, depending on the circumstances of each case. A higher degree of care is required where children are involved, or, in case of adults, where age or physical infirmity is present. 42 C. J. 1049; 5 American Jurisprudence, sections 185, 213. In *Deputy* v. *Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L. R. A. (N. S.) 989, Ann. Cas. 1916E, 656, and *Glinco* v. *Weimer,* 88 W. Va. 508, 107 S. E. 198, it was held:

> "The vigilance and care required of the operator of an automobile vary in respect of of persons of different ages or physical conditions. He must increase his exertions in order to avoid danger to children, whom he may see, or, by the exercise of reasonable care, should see, on or near the highway. More than ordinary care is required in such cases."

The statement that "more than ordinary care is required in such cases" is merely another way of stating the proposition that the care required depends upon circumstances.

On the other hand, the driver of a motor vehicle is entitled to the benefit of the assumption that pedestrians and other users of the highway will, themselves, take reasonable precautions for their safety. They are held to the knowledge that a motor-propelled vehicle cannot be controlled to the same extent as a horse-drawn carriage or other vehicle of similar character. The right of all to reasonably use a street or highway being admitted, the duty rests on all users to avoid accidents, and that duty rests with stronger force on the driver, who is re-

quired to be competent, and on the normal adult, than it does on children, the aged or the infirm. The law recognizes the fact that children are, depending upon their age, creatures of impulse, heedless of danger, and likely to imperil themselves without regard to consequences. Recognition of this fact places upon the operator of a motor vehicle an extra burden of care and caution where children are involved, but it does not extend to the point of creating liability for injuries in all cases. Only reasonable and ordinary care, in view of the particular circumstances, is required. The applicable rule is well stated in *Aliff* v. *Berryman, supra,* that "A driver is not bound to anticipate that a child will suddenly dart from the side of the street, but, if at a designated place there is anything to challenge his attention and warn him that he should expect heedless acts, it is his duty to avoid, if possible, an accident." This rule is supported by *Goff* v. *Dairy Co.,* 86 W. Va. 237, 103 S. E. 58; *Bowman* v. *Stouman,* 292 Pa. 293, 141 Atl. 41; *Purdy* v. *Hazeltine,* 321 Pa. 459, 184 Atl. 660; *Klink* v. *Bany,* 207 Iowa 1241, 224 N. W. 540, 65 A. L. R. 187, and note. The fact that a child may or may not be attended by an adult or older child capable of caring for it was considered in *Paul* v. *Clark,* 161 App. Div. 456, 145 N. Y. S. 985, that being a case where the child escaped from "youthful guardians." The following cases throw additional light on the subject. *Howk* v. *Anderson,* 218 Iowa 358, 253 N. W. 32; *Hutcheson* v. *Misenheimer* (Va.), 194 S. E. 665; *Burlie* v. *Stephens,* 113 Wash. 182, 193 Pac. 684; *Borland* v. *Lenz,* 196 Iowa 1148, 194 N. W. 215; *Harper* v. *Crislip,* 103 W. Va. 514, 138 S. E. 93.

With this background we take up instruction No. 1, given for the plaintiff. This instruction told the jury that if they believed from the evidence that the plaintiff was "standing on or near the edge of the paved portion of the highway * * *", and while in such position the driver of the truck saw or, in the exercise of reasonable care, should have seen him, then said driver was under the duty "to have exercised care and caution in passing

over the highway at the point where said infant was standing *on the edge thereof"* (italics ours), and that under these circumstances he, the driver, "should have approached said point expecting that said Roy Lee Mc-Cune might run across in front of the truck", and under such circumstances, it was his duty "to have operated said truck so as to keep the same under such control." The use of the expressions, "to have exercised care" and "to have operated said truck", carry the inference that care was not exercised, and that the truck was not operated so as to retain control thereof; they are technically objectionable, and should not have been used, but we cannot say that their use constitutes reversible error. We think, however, that the instruction is fatally defective in other respects. There is no evidence in the case that the plaintiff was ever on the paved portion of the highway, unless it was at the instant when he was injured, and yet this instruction states the law governing the case on the assumption that there was evidence supporting the theory that the plaintiff was standing "on or near the edge of the paved portion of the highway", and in another part refers to the point on the highway "where the said infant was standing on the edge thereof", thereby telling the jury that the plaintiff was on the edge of the highway. As a matter of fact, the evidence is undisputed that he stopped eighteen inches or two feet away from the edge of the highway. If there had been evidence tending to show that the plaintiff was on the highway, when seen by the driver of defendant's truck some 250 feet away, then that part of the instruction which told the jury that the driver should have approached the point of the accident expecting that the plaintiff might run across in front of the truck, could be justified under the authority of *Aliff* v. *Berryman, supra.* In the *Aliff* case the evidence was such as to warrant the jury in finding that the child was on the street, unattended, and that being true, the highest degree of care and caution was required of the driver, and he was required to proceed with a knowledge and expectation that the child

might run in front of his truck. Here, a different situation is presented. The plaintiff was standing by the side of the paved portion of the road, in a place of safety, and accompanied by four other persons, all older and two of whom were practically of adult size. Unless it was at the instant he was struck, he was never on the paved portion of the highway. Presumably, he broke away from his sister at the instant the truck was passing. We need but to place ourselves in the seat of the driver. Seeing these children by the side of the road when 250 feet away, he had the right to assume that, two of them being large in size, and all being in a place of safety, they would remain there; that the smaller children would be guarded by the older ones; that his truck was seen by them, and considered as a whole, the situation was one in which he was not expected to anticipate that any one of them would suddenly dart out in front of his truck, and the general rule announced in the *Aliff* case applies. There was no ground for the application of the more stringent rule applied to the particular circumstances of that case. The giving of instructions should always be governed by the character of the evidence which the jury is permitted to consider. Instruction No. 1 did not fit the facts of this case, there was an objection to the same on that ground, and the application of Rule No. VI (e), Rules of Practice promulgated by this Court, 116 W. Va. lxiii, is not called for.

We have not considered the question of physical facts bearing upon the right to recover, inasmuch as the application of these facts is, to a great extent, a jury question, and it would be unwise on our part to express an opinion thereon, in view of the course this case must take; nor have we considered it advisable to pass upon the question of the amount of the verdict. There will probably be a new trial, and if, in that trial, there is a recovery, the amount thereof may be determined on a different state of facts from those presented on this record. Any opinion we might express on the verdict before us might be inapplicable to the situation presented

to the jury on the new trial. The amount of any recovery being, within proper limits, a jury question, we refrain from expressing any opinion thereon.

The judgment of the circuit court will be reversed, the verdict of the jury set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*